IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACINTO RIVERA-MENDOZA,
# 11209-029,

**Petitioner,**

vs.

**JAMES N. CROSS,**

**Respondent.**                                    Case No. 14-cv-83-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, who is currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence. The petition was filed on January 24, 2014.

On March 30, 2011, petitioner, a Mexican citizen, pleaded guilty to conspiracy to distribute methamphetamine[1] and re-entry as a previously removed alien.[2] *United States v. Rivera-Mendoza, et al.*, Case No. 10-cr-90-LRR-1 (N.D. Ia.) (Doc. 284). The United States District Court for the Northern District of Iowa accepted both pleas on April 15, 2011 (Doc. 336, criminal case). On October 28, 2011, petitioner was sentenced to a 420-month term[3] of imprisonment, followed

---

[1] This plea was unconditional.
[2] This plea was conditioned on petitioner's right to appeal venue.
[3] The sentence consisted of a 420-month term of incarceration for the conspiracy conviction and a concurrent 24-month term for the re-entry conviction (Doc. 492, criminal case).

by a 5-year term[4] of supervised release (Doc. 492, criminal case).

Petitioner filed an appeal in the United States Court of Appeals for the Eighth Circuit. *United States v. Jacinto Rivera-Mendoza*, Case No. 11-3415 (8th Cir. 2011). In the appeal, petitioner claimed that the district court erred by applying an importation enhancement and by refusing to grant an acceptance-of-responsibility reduction in his sentence calculation. The Eighth Circuit affirmed the judgment of the district court on June 22, 2012, and the appeal was dismissed.

On December 10, 2012, petitioner filed a timely *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Rivera-Mendoza v. United States*, Case No. 12-cv-00123-LRR (N.D. Ia.). He filed an amended motion on June 25, 2013. Petitioner claimed that his trial counsel was ineffective because counsel failed to: (1) suppress evidence; (2) challenge the sentencing guidelines and argue for a sentence below the advisory guideline range; (3) advise petitioner about proceeding to trial; (4) research the defenses petitioner might have; and (5) explain that the government would have to establish his guilt beyond a reasonable doubt. (*Id.*, Doc. 9) He also claimed that trial counsel coerced him into pleading guilty. (*Id.*) The government was not ordered to respond to the motion. The appellate court instead concluded that it was "able to resolve the movant's claims from the record." (*Id.*) On July 1, 2013, after reviewing petitioner's motion and the record, the trial court denied the § 2255

---

[4] The term of supervised release included a 5-year term imposed for the conspiracy conviction and a concurrent 1-year term for the re-entry conviction (Doc. 492, criminal case).

motion for lack of merit. (*Id.*) The appellate court reasoned, "The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought" (*Id.*, Doc. 9, p. 2).

This § 2241 petition followed (Doc. 1). In it, petitioner identifies only one issue. He claims that the trial court violated his First Amendment right to access the courts in his § 2255 proceeding by refusing to hold a hearing pursuant to 28 U.S.C. § 2255(b) (Doc. 1, p. 7). As relief, petitioner seeks the reinstatement of his § 2255 petition and the district court's compliance with the procedure set forth in § 2255(b) (Doc. 1, p. 8).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief. Accordingly, the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the

sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer

amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

In the present case, petitioner does not suggest that the charged conduct is no longer a crime. He does not assert that a new legal theory, which could not have been presented in his original § 2255 proceeding, now establishes his actual innocence. He merely attacks the trial court's handling of his § 2255 motion. This claim does not fall within the "savings clause" of § 2255(e), and § 2241 cannot provide him with the relief he seeks.

This Court does not see any error in the trial court's determination that, after reviewing the record, it could rule on petitioner's § 2255 motion without an evidentiary hearing. By the terms of the statute itself, no hearing is required if the court determines that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). This is exactly what the court determined when dismissing petitioner's § 2255 motion.

The trial court fully examined each of petitioner's grounds for relief in light of the record and applicable law (Doc. 9, criminal case). Based on this analysis, the court determined that petitioner was not entitled to relief under § 2255. Having reached this conclusion, the court was not required to hold a hearing on petitioner's claims under the provisions of § 2255(b).

Section 2255(b) does not create a right to a "mandatory hearing." The court's disposition of the motion did not violate petitioner's First Amendment

right to petition the court for redress. His claims were fully considered as contemplated in § 2255. Aside from petitioner's complaint that the court should have held a hearing on his motion, he does not allege that the court erred in any of its legal conclusions as to the merits of his claims, nor does he indicate how the outcome of his § 2255 motion might have differed if a hearing had been ordered.

The proper forum for raising petitioner's claim would have been in the appeal from the court's order in that case. However, petitioner raised different arguments in his appeal, and it was dismissed. A habeas petition under § 2241 is not a substitute for an appeal, and petitioner's present claim is not rooted in a structural defect in the § 2255 procedure that precluded him from raising his claims for relief through a § 2255 motion. Therefore, his claim cannot be addressed in a habeas action under § 2241, and his petition shall be dismissed.

**<u>Filing Fee</u>**

Petitioner filed this habeas action on January 24, 2014. The case was opened without payment of the $5.00 filing fee or the filing of a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("Motion and Affidavit"). On January 24, 2014, the Clerk advised petitioner of his obligation to pay the $5.00 filing fee or to file a Motion and Affidavit within thirty days, i.e., by February 24, 2014 (Doc. 2). The Clerk provided petitioner with a copy of the Motion and Affidavit. Petitioner was also instructed to have the Trust Fund Officer at his facility complete the attached certification and provide the Court with a copy of his trust fund account statement (or institutional equivalent)

for the period August 2013 to January 2014. To date, petitioner has not responded. The dismissal of this case does not relieve petitioner of his obligation to meet this deadline. Petitioner is advised that failure to pay the $5.00 filing fee or file a Motion and Affidavit by February 24, 2014, may result in the imposition of sanctions, including a ban on filing future petitions for writ of habeas corpus in this Court.

**Disposition**

Petitioner has not demonstrated that the § 2255 procedure was structurally inadequate to adjudicate his claims. Consistent with *In re Davenport*, petitioner cannot raise his present claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 10th day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.10
15:45:06 -06'00'

**Chief Judge**
**U.S. District Court**